IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Raymond Edward Gill,  )  | |
| Petitioner,  )  | |
|  )  | |
| v.  )  | 1:08cv998 (JCC/TRJ) |
|  )  | |
| Patricia R. Stansberry,  )  | |
| Respondent.  )  | |

FILED AUG 18 2009 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Raymond Edward Gill, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, asserting that he is presently entitled to a parole revocation hearing. On February 5, 2009, respondent filed a Motion to Dismiss the Petition, along with a Response and a supporting memorandum with exhibits. Gill was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response captioned as a Motion for Rule 21 Writ of Mandamus. For the reasons that follow, Gill's claims must be dismissed, and his prayer for a writ of mandamus must be denied.

I.

On April 1, 1981, Gill was sentenced in the United States District Court for the District of Maryland to serve fifteen (15) years in prison following his conviction of bank robbery. Resp. Ex. A. On June 2, 1981, Gill was sentenced in the same district to a concurrent term of twenty (20) years incarceration for a separate bank robbery. Id. at 8-9. By September 3, 1985, Gill had been moved to a halfway house in preparation for his release on parole when he escaped. Resp. Ex. B. Upon his arrest in November, 1985, Gill was charged with two additional bank robberies, to which he

subsequently pleaded guilty and for which he received two concurrent twenty-year sentences. Resp. Ex. A at 9 - 10. Gill also was sentenced to serve a consecutive five-year term for escape. *Id.* at 10 - 11.

Gill was released from incarceration pursuant to the mandatory release provisions of 18 U.S.C. § 4163 on June 11, 1999. Resp. Ex. A at 8. When he failed to comply with the conditions of his release by violating the terms of a special drug aftercare program and reporting to his parole officer, the Parole Commission revoked Gill's release in March, 2000. Resp. Ex. C.

Gill was released on parole on September 28, 2000, and was to remain on supervision until expiration of his sentence on February 18, 2001. Resp. Ex. D. However, in May, 2001, the Parole Commission ordered theat Gill be placed in a sanction center upon receiving reports that Gill had not been complying with the conditions of his release. Resp. Ex. E. On August 17, 2001, Gill failed to return to the sanction center, and the Parole Commission issued a warrant on September 5, 2001, charging Gill with violating the conditions of his parole by using drugs and failing to return to the sanction center. Resp. Ex. F at 1 - 2. In a memorandum attached to the warrant, the Parole Commission advised the United States Marshal for the District of Maryland that if Gill was already in the custody of federal or state authorities, the warrant was not to be executed, and instead the Marshal was to place a detainer and to notify the Commission. Id. at 5. In addition, any criminal arrest warrant was to take precedence, and the Commission was to be notified before its warrant was executed. Id.

On September 12, 2001, Gill's probation officer notified the Commission that Gill had been arrested for bank robbery on September 5, and had agreed to detention without further proceedings. Resp. Ex. G. On October 18, 2001, the Parole Commission supplemented its warrant with the new

bank robbery charge as well as additional instances of drug use. Resp. Ex. F at 3.

On June 21, 2002, the Bureau of Prisons notified the Commission that its warrant had been lodged as a detainer and that Gill was projected to be released on August 22, 2012. Resp. Ex. H. On April 29, 2004, the Parole Commission supplemented its warrant with information that Gill had committed four (4) bank robberies, and had been sentenced by the District Court of Maryland to serve 151 months in prison and three (3) years of supervised release. Resp. Ex. F at 4.

On May 4, 2004, the Parole Commission sent Gill a letter informing him that the Commission would be conducting a "dispositional review" of its detainer in accordance with 18 U.S.C. § 4214(b)(1). Resp. Ex. I. The Commission enclosed a form for Gill's use in providing a statement for the Commission's consideration, and apprised Gill that he was entitled to have counsel appointed to help him prepare the statement. Id. at 2 - 3. Gill requested assistance, and on July 7, 2004, an Assistant Federal Public Defender submitted a letter to the Commission on Gill's behalf. Resp. Ex. J. The Commission conducted its dispositional review of the detainer and issued a decision to let the detainer stand on August 12, 2004. Resp. Ex. K.

Based on these facts, petitioner argues that he was denied due process of law when he was not provided with a probation revocation hearing within ninety (90) days of April 29, 2004, the date of his "show cause" hearing on his new criminal conduct, and that the Parole Commission's detainer consequently should be removed. Pet. at 3. Based on the pleadings and record before this Court, it is uncontested that Gill exhausted available administrative remedies as to his claim. Accordingly, this matter is now ripe for review on the merits.

## II.

Judicial review of parole matters is limited. Decisions to grant parole are committed to the

absolute discretion of the Parole Commission. Garcia v. Neagle, 660 F.2d 983 (4th Cir. 1981); United States Bd. Of Parole v. Merhige, 487 F.2d 25 (4th Cir. 1973); cf., United States v. Jureidini, 846 F.2d 964 (4th Cir. 1988). As such, they are not subject to judicial review under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2). However, courts may consider claims that guidelines for exercising discretion violate the intent and directives of the Parole Act or that the Parole Commission failed to follow constitutional, statutory, and regulatory provisions. See Garcia, 660 F.2d at 988; see also Norris v. White, 825 F.2d 21 (4th Cir. 1987); Fardella v. Garrison, 698 F.2d 208 (4th Cir. 1982); Smith v. Hambrick, 637 F.2d 211 (4th Cir. 1980). Gill alleges here that the Parole Commission exceeded its constitutional, statutory and regulatory authority. Therefore, the Court may review Gill's petition.

Challenges to Parole Commission decisions must be brought under 28 U.S.C. § 2241 in the district court with jurisdiction over the prisoner or his custodian. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973); Andrino v. United States Bd. of Parole, 550 F.2d 519 (9th Cir. 1977). Gill indicates that he is incarcerated at FCI Petersburg Medium, located in Petersburg, Virginia. As Petersburg lies within the Eastern District of Virginia, petitioner's application for a writ of habeas corpus is properly before this Court.

### III.

Petitioner's claim of entitlement to an immediate parole revocation hearing to dispose of the Parole Commission's warrant, which has been lodged as a detainer while petitioner serves his new sentence, is clearly without merit. The Parole Commission has broad discretion concerning the issuance and execution of its parole violator warrants, and it may elect either to issue or to delay issuance of a warrant pending the disposition of a criminal charge. 18 U.S.C. § 4213(b) (1976).

Similarly, once it decides to issue a warrant, the Commission may have its warrant executed, or it may have the warrant held in abeyance pending the occurrence of a condition it sets. Id. If a parolee is convicted of committing a new criminal offense while on parole and is serving a new prison sentence as a result, the Commission may lodge its warrant as a detainer. 18 U.S.C. § 4213(b)(1). The Commission also has discretion to decide when to initiate parole revocation proceedings. 18 U.S.C. § 4213(a)(1)(A)(I); see Gaddy v. Michael, 519 F.2d 669, 674 (4th Cir. 1975), cert. denied, 429 U.S. 998 (1976) ("[I]t has been the uniform rule that the execution of the warrant may be held in abeyance awaiting the outcome of pending criminal charges against the parolee, where, as here, such charges are the basis for the warrant and any delay thereby occasioned will be deemed reasonable.")

In this case, Gill's projected release date for the criminal sentence he presently is serving is August 22, 2012. Resp. Ex. H. At that time, the Commission's warrant which presently is lodged as a detainer will be executed, and only at that point will Gill's entitlement to a parole revocation hearing arise. See Moody v. Daggett, 429 U.S. 78, 89 (1976) (parolee serving additional term of imprisonment for offense committed while on parole is constitutionally entitled to revocation hearing only after he completes service of the new term and is taken into custody on parole violator warrant); Heath v. U. S. Parole Commission, 788 F.2d 85, 91 (2d Cir. 1986) ("Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant."); Hicks v. U.S. Board of Paroles and Pardons, 550 F.2d 401, 403 (8th Cir. 1977) (Commission has no constitutional duty to conduct revocation hearing until parolee is taken into custody as a parole violator through execution of warrant). Until the warrant is executed, the fact that Gill has not received a parole revocation hearing does not amount to a violation of his constitutional

rights. Hicks, 550 F.2d at 404 (inmate has no liberty interest giving rise to necessity of a hearing until Commission executes it warrant).

As the respondent acknowledges, implicit in Gill's statement of his claim is the argument that the balance of his original bank robbery sentences should run concurrently with the new federal sentence he presently is serving. However, such a determination is one that the Parole Commission is authorized by law to make. See 18 U.S.C. §4210(b)(2). A parolee who is sentenced for an offense committed while on parole has no entitlement to have the balance of his original sentence run concurrently with his new sentence. Gaddy, 519 F.2d at 678 (decision whether to run original and new sentences concurrently or consecutively is "a matter exclusively in the province of the Board"); accord, Heath, 788 F.2d at 91-92 (Commission authorized to run unexpired federal term consecutive to new sentence even where sentencing court recommends otherwise); Tanner v. Moseley, 441 F.2d 122, 123 (8th Cir. 1971) (same); Moore v. Smith, 412 F.2d 720, 724 (7th Cir. 1969) ( Board has no obligation to execute warrant during parolee's service of intervening sentence in order to make that term concurrent with unexpired portion of original sentence). Therefore, to the extent that Gill may intend to argue that he should be allowed to serve the unexpired portion of his original sentence concurrently with his present sentence, he has no such enforceable entitlement, and the fact that the Commission has determined in Gill's case that the two terms should be served consecutively does not violate Gill's constitutional rights.

At this juncture, with the Parole Commission's warrant placed as a detainer but as yet unexecuted, Gill is entitled only to a "dispositional review" of the detainer. 18 U.S.C. § 4214 (b). The Commission conducted the required review in Gill's case and decided to let its warrant continue as a detainer, Resp. Ex. K, which it is entitled by law to do. 28 C.F.R. § 2.47 (b). While it is true as

petitioner points out in his reply to respondent's motion that the dispositional review in his case was not conducted within 180 days after the Commission was notified that the warrant had been placed a detainer, as is required by § 4214 (b), Gill has failed to show that his ability to contest the parole violation was prejudiced as the result of the delay, so habeas corpus relief would be unavailable to him as a result. Moody, 429 U.S. at 87 n. 9; Gaddy, 519 F.2d at 673 (to entitle parolee to habeas corpus relief, delay in revocation hearing must be both unreasonable and prejudicial). In any case, however, because Gill has received dispositional review of the warrant, the only relief to which he presently is entitled, any claim concerning the delay in that hearing is now moot. Anderson v. U.S., 898 F.2d 751, 751 (9th Cir. 1990) (where Commission had conducted dispositional review, prisoner's claim regarding delay was moot); Bryant v. Grinner, 563 F.2d 871, 872 (7th Cir. 1977) (remedy for a late revocation hearing is to hold the hearing). Accordingly, petitioner is not entitled to federal habeas corpus relief, and respondent's motion to dismiss this petition must be granted.

## IV.

In response to respondent's motion to dismiss, petitioner has filed a Motion for Rule 21 Writ of Mandamus. Essentially, Gill contends that the Commission "drop[ped] the ball" by failing to hold the dispositional review of his detainer within 180 days, and he alleges that is entitled to relief because he continues to be "hamper[ed]" by the detainer in that he is held in a higher custody classification, is limited in his ability to participate in prison programs, and is ineligible for placement in a halfway house.

Mandamus is a drastic remedy, which should only be used in extraordinary situations. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). To establish that a writ of mandamus should issue, a petitioner must demonstrate "(1) a clear

right on the part of the petitioner to the relief sought, (2) a clear duty on the part of the respondent to do the act in question, and that (3) no other adequate remedy is available to petitioner." Proffitt v. United States, 758 F. Supp. 342, 348 (E.D. Va. 1990). Because mandamus provides a remedy only if the defendant has a non-discretionary duty to do the act in question, Heckler v. Ringer, 466 U.S. 602, 616-17 (1984), mandamus cannot be used to compel an action which is within a federal officer's discretion. Work v. United States ex rel. Rives, 267 U.S. 175, 177-78 (1925). "The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931).

Here, as discussed above, the Parole Commission has no duty to do anything other than what it has already done in Gill's case, namely to hold a dispositional review of the detainer it has placed. Moreover, petitioner has no right to immediate execution of the warrant so that his former and present sentences could be served concurrently. Heath, 788 F.2d at 91-92. Therefore, mandamus will not lie to compel the relief petitioner seeks. In addition, Gill fails to demonstrate that the Commission's delay in holding the dispositional review has prejudiced his ability to contest the parole violation, so neither is he entitled to habeas corpus relief. See Gaddy, 519 F.2d at 675 (former parolee's loss of prison privileges, opportunities to participate in programs, and gain time are not evidence of prejudice that would require invalidation of parole violation warrant). Consequently, Gill's motion for a writ of mandamus must be denied.

## V.

For the foregoing reasons, this petition for habeas corpus relief will be dismissed, and petitioner's motion for a writ of mandamus will be denied. An appropriate Order shall issue.

Entered this ___18___ day of ___August___ 2009.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge